UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BILLY G. DEBOW, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:10-cv-01003 |
| | ) | Judge Campbell |
| RICKY BELL, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

## M E M O R A N D U M

The court has before it a petition for a writ of *habeas corpus* brought under 28 U.S.C. § 2254. (Docket No. 1). The petitioner, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Riverbend Maximum Security Institution in Nashville, Tennessee.

**I.  Introduction**

The petitioner was convicted of first degree murder on May 20, 1999, and was sentenced to life without parole. *Debow v. State of Tenn.,* No. M2008-00580-CCA-R3-PC, 2009 WL 605091, at *1 (Tenn. Crim. App. March 10, 2009). Soon thereafter, an amended judgment was entered sentencing the petitioner to life imprisonment. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the judgment of the trial court on August 2, 2000. The petitioner's application for permission to appeal was denied by the Tennessee Supreme Court on March 12, 2001. *Id.*

On May 17, 2001, the petitioner filed a *pro se* petition for post-conviction relief and a *pro se* amended petition on September 10, 2002. Counsel was appointed and filed a second amended petition for post-conviction relief on October 21, 2002. After an evidentiary hearing, the post-conviction court entered an order denying the petition in all respects. On April 27, 2007, the

petitioner filed a *pro se* "Motion for File a Delay[ed] Appeal" from that decision and, on February 8, 2008, counsel filed a "Motion to Reopen Post-Conviction Petition" and an "Amended Motion for Delayed Appeal/Motion to Reenter Petition for Post-Conviction Relief."

After an evidentiary hearing, the trial court denied the petitioner's motions. The Tennessee Court of Criminal Appeals affirmed the trial court's decision. On March 10, 2009, the Tennessee Supreme Court dismissed the petitioner's appeal on the grounds that he failed to comply with the provisions for seeking review of a denial of a motion to reopen, he did not allege any grounds under which a post-conviction petition may be reopened, there is no entitlement to a delayed appeal from the post-conviction court's denial of post-conviction relief, nor is in the interest of justice to waive the timely filing of a notice of appeal in the petitioner's case. *Id.*

## II. Standard for Preliminary Review of Section 2254 Cases

Under Rule 4, Rules – Section 2254 Cases, the court is required to examine § 2254 petitions to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If, on the face of the petition, it appears that the petitioner is not entitled to *habeas corpus* relief, then the "the judge must dismiss the petition . . . ." *Id.*

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified, *inter alia*, at 28 U.S.C. §§ 2244, *et seq.*), prisoners have one year within which to file a petition for *habeas corpus* relief which runs from the latest of four (4) circumstances, one of which is "the date on which the [state court] judgment became final by the conclusion of direct review . . . ." 28 U.S.C. §§ 2244(d)(1)(A).

The AEDPA's one-year limitations period is tolled by the amount of time that "a properly

filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); *see Ege v. Yukins*, 485 F.3d 364, 371 (6th Cir. 2007). However, any lapse of time before a state application is properly filed is counted against the one-year limitations period. *See Bennett v. Artuz*, 199 F.3d 116, 122 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000). When the state collateral proceeding that tolled the one-year limitations period concludes, the limitations period begins to run again at the point where it was tolled rather than beginning anew. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004)(citing *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)).

### III. Preliminary Review of Petition

In this case, the court's preliminary review under Rule 4, Rules – Section 2254 Cases reveals that the petitioner's § 2254 petition appears to be untimely.

The record before the court shows that the date on which the petitioner's judgment became final by conclusion of direct review was June 15, 2001.[1] However, on May 17, 2001, the petitioner sought state post-conviction relief. Thus, the AEDPA's one-year limitations period never began running prior to the petitioner's post-conviction filing. Nearly eight (8) years later, on March 10, 2009, when the Tennessee Supreme Court dismissed the petitioner's appeal of the trial court's denial of his "Motion to Reopen Post-Conviction Petition" and "Amended Motion for Delayed Appeal/Motion to Reenter Petition for Post-Conviction Relief," the AEDPA's one-year limitations period began running. Thus, the petitioner had until March 11, 2010, to file his petition for *habeas*

---

[1] On March 13, 2001, the ninety (90) day period within which the prisoner could file a writ of *certiorari* with the United States Supreme Court began. *See Fed. R. Civ. P.* 6(a)(1)(a) (when the governing time period is stated in days, the court excludes the day of the event that triggers the period; thus, here, March 12, 2001, is excluded). During the ninety (90) day period, the AEDPA's one-year limitations period is tolled. *See Clay*, 537 U.S. 522, 532. The ninety (90) day period ended on June 15, 2001. *See Fed. R. Civ. P.* 6(a)(1)(c)(when the governing time period is stated in days, the court includes the last day of the period with exceptions that do not apply here).

*corpus* relief.

The petition was signed and dated on October 19, 2010. (Docket Entry No. 1). From the record before the court, it appears that the petition for relief under § 2254 was filed **just over seven (7) months** beyond the AEDPA's one-year limitations period. In other words, the petition is untimely.

The court has the authority to *sua sponte* raise the statute of limitations and dismiss untimely motions for federal *habeas corpus* relief. *See Day v. McDounough*, 547 U.S. 198, 209 (2006). Recognizing that the petitioner is proceeding *pro se*, the court will grant the petitioner thirty (30) days to show cause why his petition should not be dismissed as time-barred.

**V.    Conclusion**

After conducting a preliminary review of the petitioner's § 2254 petition under Rule 4, Rules – Section 2254 Cases, it appears that the petition should be dismissed as untimely. However, the petitioner will be given thirty (30) days to show cause why his petition should not be dismissed as untimely.

An appropriate order will be entered.

Todd J. Campbell
United States District Judge