# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BILLY G. DEBOW, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:10-cv-01003 |
| ) | Judge Campbell |
| RICKY BELL, WARDEN, ) | |
| ) | |
| Respondent. ) | |

## O R D E R

The court has before it a *pro se* petition for a writ of *habeas corpus* brought under 28 U.S.C. § 2254. (Docket No. 1). The petitioner, proceeding *in forma pauperis*, is a prisoner in the Riverbend Maximum Security Institution in Nashville, Tennessee.

By order entered on October 28, 2010, the court ordered the petitioner to show cause why his petition should not dismissed as untimely. (Docket No. 4). The court forewarned the petitioner that failure to comply with the court's order within thirty (30) days of the entry of the court's order would result in the petition being dismissed as untimely. (*Id.*)

On November 8, 2010, the petitioner filed a motion for appointment of counsel (Docket No. 7). The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). Thus, unlike criminal proceedings, there is no constitutional right to an appointed counsel in a civil action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.,* No. 91-5759, 947 F.2d 947 (6th Cir. 1991)(citing *Willett* favorably).

The appointment of counsel for a civil litigant is a matter within the discretion of the district

court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). In this instance, the petitioner asserts that he "is a common man with no understanding of the law and has to rely on others in the preparation of this document as well as all other documents contained within this Petition for Writ of Habeas Corpus." (Docket No. 7). He asserts that he "does not have the knowledge required to prepare or argue the procedural or substantive law nor does he know how to apply the law to the facts of the case." (*Id.*) He further asserts that he is indigent and cannot afford to hire legal representation. (*Id.*) The petitioner's circumstances, however, are typical to most prisoners and do not suggest anything exceptional in nature. Therefore, the petitioner's motion for the appointment of counsel (Docket No. 7) is hereby **DENIED**.

On November 19, 2010, the petitioner filed a "Memorandum of Law in Support of Petitioner's Petition for Writ of Habeas Corpus Under Section 28 U.S.C. § 2254.[1] (Docket No. 8). The petitioner's response to the court's show cause order was filed within the thirty (30) day time period set forth by the court in its prior order. However, at no point in the seven (7) page response does the petitioner address why his petition for writ of *habeas corpus* should not be dismissed as time-barred. Neither does the petitioner object to the dates or the calculations used by the court in its Memorandum accompanying the court's order of October 28, 2010, explaining why it appears that the instant petition is time-barred. (*See* Docket No. 3).

Accordingly, for the reasons explained in the Memorandum filed contemporaneously with

---

[1] The court notes that the petitioner's response (Docket No. 8) was not signed. Normally, the court would not consider an unsigned pleading given that Rule 11(a), *Fed. R. Civ. P.*, requires that every pleading by an unrepresented party be signed personally. However, in this instance, taking all of the petitioner's arguments as true, the response nevertheless fails to overcome the court's analysis showing that the petition is time-barred.

the court's Order of October 28, 2010 (Docket No. 3), the petition is hereby **DENIED** as time-barred. This action is therefore **DISMISSED**.

Entry of this Order shall constitute the judgment in this action.

It is so **ORDERED.**

Todd J. Campbell
United States District Judge